[658 NYS2d 67]

In the Matter of HARVEY FEIN (Admitted as HARVEY HENRY FEIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 19, 1997

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Napolitano & Magnotti,* Staten Island *(Peter J. Napolitano* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The petition, dated July 23, 1996, contains five charges of

professional misconduct against the respondent. After hearings conducted on September 30 and October 31, 1996, Special Referee Weinstein sustained all five charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent has submitted affirmations in opposition in which he asks that the Court consider censure as the appropriate punishment, with the proviso that he submit his books for auditing by the Court from time to time.

Charge One alleged that the respondent converted funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 and DR 1-102 (A) (8) (22 NYCRR 1200.46, 1200.3 [a] [8]).

The respondent represented Rosco Cohen in the sale of his real property. On or about September 13, 1993, he was entrusted with the sum of $5,000, which represented the purchaser's down payment to be held in escrow by the respondent pending completion of the sale. On September 14, 1993, the respondent deposited that down payment into his attorney escrow account at Gateway State Bank, now Staten Island Savings Bank.

By May 16, 1994, the funds on deposit in the respondent's account had been depleted to $1,587.24. By May 18, 1994, the respondent's account was overdrawn by $581.07. By the time of the closing on June 3, 1994, the respondent's account was overdrawn by $3,056.80. At the closing, the parties executed an escrow agreement to retain the sum of $2,500 of the original down payment until the house was vacated. By June 13, 1994, the account was overdrawn by $4,644.85.

Charge Two alleged that the respondent converted funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 and DR 1-102 (A) (8) (22 NYCRR 1200.46, 1200.3 [a] [8]).

On or about August 22, 1994, the respondent was issued a check in the amount of $18,549.95, which represented payment of a debt he collected for the client of California attorney Seth M. Goldberg. The respondent deposited that payment into his escrow account on August 24, 1994. By August 26, the funds on deposit had been depleted to $3,334.99. By August 31, 1994, the respondent's escrow account was overdrawn by $572.11.

Charge Three alleged that the respondent failed to properly safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 and DR 1-102 (A) (8) (22 NYCRR 1200.46, 1200.3 [a] [8]).

Between May 16, 1994 and December 11, 1995, the respondent's attorney escrow account was overdrawn on at least 41 separate occasions.

Charge Four alleged that the respondent commingled funds entrusted to him as a fiduciary with his personal funds, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Between 1993 and March 1996, the respondent maintained an escrow account at Gateway State Bank (now Staten Island Savings Bank) into which he deposited funds entrusted to him as a fiduciary. Those funds consisted of sums to which others were entitled, as well as fees for legal services to which the respondent was entitled. On several occasions during that period, the respondent failed to withdraw his fees from the account after they had been earned, thereby commingling personal funds and escrow funds.

Charge Five alleged that the respondent failed to maintain required bookkeeping records for his escrow account, in violation of Code of Professional Responsibility DR 9-102 (D) (22 NYCRR 1200.46 [d]).

During the period between 1993 and March 1996 when he maintained his escrow account, the respondent failed to maintain a ledger book or similar record detailing all deposits and withdrawals for that account.

In his answer to the petition, dated September 5, 1996, the respondent did not contest any of the factual allegations, but denied that he had violated the disciplinary rules that he was accused of violating.

Based on the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained all five charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation evidence offered by the respondent, including the absence of venality, the steps taken by the respondent to remedy his bookkeeping lapses, the character evidence submitted by the respondent, and the emotional and medical problems of the respondent and his wife. Notwithstanding his personal difficulties, the respondent never terminated or suspended his law practice. Consequently, he maintained a continuing obligation to act reasonably in a fiduciary capacity.

Under the totality of circumstances, the respondent is disbarred for his acts of professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Harvey Fein, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Harvey Fein shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, Harvey Fein is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.